UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESPRY JOALBO RODRIGUEZ PINZON, Petitioner, v. TODD BLANCHE, Attorney General of the United States, et al., Respondents. | Case No.: 3:26-cv-04374-RBM-AHG **ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS** **[Doc. 6]** |

Before the Court is Petitioner Cespry Joalbo Rodriguez Pinzon's ("Petitioner") Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 6.) For the reasons below, the Court **GRANTS in part** the Petition.

## I. BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States without inspection in 2022. (*Id.* at 3.) Petitioner has resided with his family in Florida ever since. (*Id.*) On June 27, 2026, Petitioner "was on his way to work in a taxi when he was pulled over by a black and white police car." (*Id.*) The officers arrested Petitioner, who was sometime thereafter transferred to Imperial Regional Detention Facility, where he remains today. (*Id.*) Petitioner was never shown a warrant for his arrest, and he was never told why he was detained. (*Id.* (citing Doc. 6-1 [Decl. of Petitioner] ¶ 5).)

On July 30, 2026, Petitioner, then proceeding *pro se*, filed his original petition. (Doc. 1.) The Court referred the petition to Federal Defenders of San Diego, Inc., for an

evaluation of whether Petitioner was eligible for appointment of counsel. (Doc. 2.) On August 14, 2026, Petitioner, now represented by Federal Defenders, filed the operative Petition. (Doc. 6.) Respondents filed their response on August 21, 2026. (Doc. 7.) Petitioner filed his reply on August 27, 2026. (Doc. 8.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his warrantless arrest violates 8 U.S.C. § 1357 and 8 C.F.R. § 287.3, compelling his immediate release. (Doc. 6 at 3–11; Doc. 8 at 2–3.) Respondents concede that they "do not have sufficient information as to whether [ ] an administrative warrant was issued to Petitioner," and therefore "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. 1226(a)." (Doc. 7 at 1–2.) The Court finds that, although Petitioner is not entitled to immediate release, he is "entitled to an initial custody determination and, if denied release, a bond hearing before an Immigration Judge to review that initial custody determination." *Garcia De Melo v. Stamper*, No. 1:26-cv-00152-JAW, 2026 WL 925672, at *3 (D. Me. Apr. 6, 2026).

"Discretionary detention under § 1226(a) requires a warrant." *Id.* at *5 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) ("But [section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General.")). And "when arrests are made without a warrant, a custody determination must ordinarily be made within 48 hours,

accompanied by a notice to appear, and in the case of continued custody a warrant will be issued *post hoc*." *Makuiza v. Wesling*, 826 F. Supp. 3d 176, 180 (D. Me. 2026) (citing 8 C.F.R. § 287.3(d)). Because Respondents concede that they cannot demonstrate that an administrative warrant was issued to Petitioner, the Court finds that Respondents failed to adequately comply with the warrant requirement. Still, Petitioner is still not entitled to immediate release. As another court reasoned:

> . . . [T]he Court does not agree that this conclusion requires [the petitioner's] immediate release. Instead, the Court concludes that the 48-hour clock for Respondents to conduct an initial custody determination begins at the date and time of this order. Unlike in *Makuiza*, in which the Government initially detained the noncitizen pursuant to § 1226(a) but "neglected to" "justify[ ] its arrest decision[ ]," *id.* at *3-4, 11, in this case, Respondents do not concede [petitioner] is subject to § 1226(a) but rather maintain, consistent with controlling agency precedent, he is subject to mandatory detention under § 1225(b)(2), which does not require an initial custody determination or warrant. Moreover, to retroactively apply the Court's § 1226(a) determination in this matter would place Respondents in the untenable position in future cases presenting similar circumstances, in which Respondents must decide whether to deliberately violate controlling agency precedent in anticipation of a possible objection a detainee may or may not raise in a future habeas petition not yet before this Court, and then further guess how this Court might rule.
>
> Rather, in this case, given that Respondents have maintained since his arrest that [petitioner] is that subject to mandatory detention under § 1225(b)(2), the forty-eight-hour custody determination clock begins to run at the time of this Court's determination that [petitioner] is subject to § 1226(a). Accordingly, the Court will order Respondents to conduct an initial custody determination of [petitioner] pursuant to § 1226(a), at which point they may either release him or continue to detain him. If Respondents continue his detention, they must obtain an authorizing warrant and, [ ], later provide [petitioner] a bond hearing before an Immigration Judge.

*Garcia De Melo*, 2026 WL 925672, at *5.

The Court finds the reasoning of *Garcia De Melo* persuasive and adopts it here. The Court thus **DENIES** the Petition to the extent it seeks immediate release. The Court instead finds that a bond hearing is the appropriate remedy. *Accord Gonzalez-Ramos v. Mullin*, Case No.: 26-CV-3159 JLS (GC), 2026 WL 1865899, at *2 (S.D. Cal. June 29, 2026);

*Lopez-Perez v. Johnson*, No. 1:26-cv-03083 JLT SAB (HC), 2026 WL 1506818, at *2 (E.D. Cal. May 29, 2026); *Marcelino v. LaRose*, Case No.: 3:26-cv-04098-RBM-SBC, 2026 WL 2210910, at *3–4 (S.D. Cal. July 30, 2026).

## IV. CONCLUSION

For the foregoing reasons, the Petition (Doc. 6) is **GRANTED in part**. The Petition is **DENIED** to the extent it seeks immediate release. The Court **ORDERS** that **within 48 hours of the issuance of this Order**, Respondents **shall conduct** an initial custody determination pursuant to 8 U.S.C. § 1226(a), at which point they may (1) release Petitioner or (2) continue his detention if deemed appropriate.

If Petitioner is not released, and no arrest warrant has been issued, Respondents **shall immediately seek** an arrest warrant. If the warrant is not granted, Respondents **shall release** Petitioner. If the warrant is granted, the Government **shall provide** Petitioner with an individualized bond hearing under § 1226(a) **within seven (7) days** of the initial custody determination unless the noncitizen requests a continuance. At any such bond hearing, the noncitizen **shall bear** the burden of demonstrating, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

Respondents **shall file** a status report attesting to their compliance with the requirements above, including the outcome of the custody determination and, if appropriate, the bond hearing, on or before **September 18, 2026**.

**IT IS SO ORDERED.**

DATE: August 27, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE